# H. W. BEEBE, Appellant, v. JACOB P. HANSON, Respondent.

## (169 N. W. 31.)

Contract — exchange of property — specific performance — action for — terms of agreement — must be reasonably certain — act to be done must be clearly ascertainable — specific performance denied — when — court — discretion of.

This is an appeal from a judgment denying the specific performance of a contract to exchange three quarter sections of land in Benson county, North Dakota, for a stock of clothing at Emmetsburg, Iowa. The goods to be selected so as to make a *well balanced stock*. The contract gave no method of selecting the goods. The land was worth $7,000. The selected stock was less than half the land value.

Specific performance of an agreement must be denied when its terms are not sufficiently certain to make the precise act which is to be done clearly ascertainable. Also, when it is not based on an adequate consideration and when it is not in all respects just and reasonable. Even when a contract is fair and honest, specific performance is not a matter of course. It rests in the sound, legal discretion of the court.

Opinion filed July 19, 1918. Rehearing denied September 25, 1918.

Appeal from the District Court of Benson County, Honorable *C. W. Buttz,* Judge.

Plaintiff appeals.

Affirmed.

*J. C. Adamson* and *H. S. Blood,* for appellant.

Except for latent defects, the buyer of goods becomes bound to pay the purchase price, and cannot complain of the quality, if he accepts the goods after inspection. 35 Cyc. 229, and cases cited; Bullock v. Consumers Lumber Co. (Cal.) 31 Pac. 367.

"If the vendee receives the goods in discharge of the contract after having inspected them, or having had a fair opportunity of inspecting them, the terms of the contract are complied with and he has no action on account of the fact that the goods are not as stipulated." James v. McEwen, 91 Ky. 373, 12 L.R.A. 399; Williams v. Robb, 104 Mich. 242, 63 N. W. 352; Thompson v. Libby, 35 Minn. 443, 29 N. W. 150; McCormack v. Sarson, 45 N. Y. 265, 6 Am. Rep. 80.

In this case there was an acceptance of the goods after inspection, or full opportunity for inspection, and the contract was complete. Reed v. Randall, 29 N. Y. 358; Gillespie v. Torrance, 25 N. Y. 306; Hargous v. Stone, 1 Seld. 73; Sprague v. Blake, 20 Wend. 61; Hart v. Wright, 17 Wend. 267, 1 Wend. 185; 20 Johns. 196; Smith v. Coe, 170 N. Y. 162, 63 N. E. 58.

"If the buyer accepts the goods without objection, when sued for the price, he cannot be heard to allege that the contract has not been performed." Barnard v. Kellogg, 10 Wall. 383, 19 L. ed. 986.

Plaintiff was not defendant's agent to select the goods. Defendant was present and participated in the selection and segregation of the goods. He exercised his own judgment and will not be permitted to say that he relied upon plaintiff's judgment and actions in the matter. Kinkel v. Winne, 72 Pac. 548; Dickson v. Jordon, 53 Am. Dec. 403, 406; Towell v. Gatewood, 33 Am. Dec. 437.

*Flynn & Traynor,* for respondent.

Where a contract is not fair and just, and where there is inadequacy of consideration, and where consent or assent was obtained by concealment, misrepresentation, circumvention, or unfair practice, and where assent has been obtained under the influence of mistake, misapprehension, or surprise, and where one has not been fully and fairly informed,

specific performance will not be enforced. Comp. Laws 1913, §§ 7192–7201; Shoop v. Burnside (Kan.) 98 Pac. 202, 204.

"Specific performance is not a matter of right, but one of equity. A contract to sell or purchase may be regularly made, yet specific performance will not follow as a matter of course." Fowler v. Marshall, 29 Kan. 665; Baird v. Lagan, 35 Kan. 228, 10 Pac. 564.

The application is addressed to the sound judicial discretion of the court. Reid v. Mix, 63 Kan. 745, 55 L.R.A. 706, 66 Pac. 1021; Viele v. Troy & B. R. Co. 21 Barb. 381; Loosing v. Loosing (Neb.) 122 N. W. 707.

Where the contract is one-sided, and for any of the reasons here mentioned does not appeal to equity or to the conscience of the court, it will not be specifically enforced. 36 Cyc. 615.

"A marked and striking inequality in the business experience and capacity of the parties, resulting in a highly improvident contract, has furnished the chief or sole reason for defeating specific performance." Wilson v. Larson (Iowa) 116 N. W. 703; Steltzer v. Compton (Iowa) 149 N. W. 243; 36 Cyc. 602; O'Connor v. Lightizer (Wash.) 75 Pac. 643; Brandt v. Krogh (Cal.) 111 Pac. 275.

Inadequacy of consideration affords ample reason for a court to refuse specific performance. Phalen v. Neary (S. D.) 117 N. W. 142; Trapaagen v. Kirk (Mont.) 77 Pac. 58; Morril v. Everson (Cal.) 19 Pac. 190; Stein v. Archibald (Cal.) 90 Pac. 538; White v. Sage (Cal.) 87 Pac. 193; Cummings v. Roeth (Cal.) 101 Pac. 434; Hobbs v. Davis (Cal.) 143 Pac. 733; Wilson v. White (Cal.) 119 Pac. 895; 2 Warvelle, Vendors, §§ 741, 745.

Robinson, J. This is an appeal from a judgment denying specific performance of a contract to exchange land in Benson county for a stock of clothing at Emmetsburg, Iowa. In October, 1915, the plaintiff owned a stock of clothing at Emmetsburg, Iowa, and the defendant owned three quarter sections of good land in Benson County, North Dakota. His equity in the land was worth over $7,000. He agreed to exchange the land for a stock of clothing to be selected. The plaintiff agreed to pack, box, and deliver to defendant at Emmetsburg, Iowa, a part of his clothing stock kept at his store, consisting of men's, boys', and children's suits, pants, overcoats, and hats, caps, shoes, hats, under-

wear, sweaters, and such like to an amount in value equal the land and not less than $6,500, nor more than $7,000. The goods to be rated at wholesale prices less 2 per cent, and to be selected so as to make a well-balanced stock without a preponderance of any line or article. As the defendant had no experience in the dry goods business, he depended on the plaintiff to make the proper selections and to furnish him an invoice. When defendant received the invoice he knew enough to submit it to a good clothing expert, and was advised that the stock selected consisted of odds and ends; that it was not a well-balanced stock, and that its value did not exceed $2,000. Hence defendant promptly refused to receive the goods.

This action was commenced in November, 1915. It was brought to trial in August, 1916. Judgment against the plaintiff was entered in November, 1916. Appellant's brief was filed March 22, 1918, and the appeal was argued and submitted in June, 1918. Doubtless such delays in the prosecution of the action have not improved the value of the selected stock of goods, which have lain packed in boxes in defendant's store at Emmetsburg, Iowa.

The trial court found that the stock was an ill assortment of odds and ends, and not a well-balanced stock, and that its value did not exceed $1,750, and that defendant's equity in the land was over $7,000. The findings are well sustained by the evidence and there is no occasion for stating or arguing the same. The burden of proof was upon the plaintiff. It was for him to commence and prosecute his action with diligence and to appeal to the conscience of the court by alleging and proving a fair and honest contract. This he failed to do. Indeed, the complaint does not state a cause of action for specific performance. It merely gives a copy of the contract and avers that the plaintiff has performed all the conditions of the contract on his part and that defendant has refused to comply with the contract. Such facts make no appeal to equity. Even when a contract is fair and honest, specific performance is not a matter of course. It rests in the sound discretion of the court. 36 Cyc. 544, 548. But when a contract is not in all respects fair and honest, just and reasonable, and based on an adequate consideration, then specific performance must be denied. Comp. Laws 1913, § 7198. And specific performance of an agreement must be denied when its terms are not sufficiently certain to make the precise act which is to be

done clearly ascertainable. Comp. Laws 1913, § 7197. Here there was to be a selection of a well-balanced stock of clothing to the amount and value of $7,000 at wholesale prices, less 2 per cent, and clearly the contract gave no precise method or any method of making such a selection.

While plaintiff contends that such a selection has been actually made, it cannot be contended that proof has been made to the satisfaction of the court or that the action has been prosecuted with reasonable diligence. The complaint, the proof, and the prosecution make no appeal to equity.

Judgment affirmed.